■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v DENSIL BROWN, Defendant, and NICOLE CARUTH, Respondent. [14 NYS3d 37]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 22, 2013, which denied plaintiff insurer's (Tower) motion for default and summary judgment declaring that it has no obligation to defend or indemnify its insured, defendant Densil Brown, in the underlying personal injury action, unanimously reversed, on the law, without costs, the motion granted, and it is declared that Tower has no obligation to defend or indemnify Brown in the underlying personal injury action. The Clerk is directed to enter judgment accordingly.

Tower made a prima facie showing that it is entitled to summary judgment based on the affidavit of its claim adjuster stat-

ing that he spoke with Brown, who admitted that he did not reside at the premises when the incident occurred, as required by the policy (*see Schaaf v Pork Chop, Inc.*, 24 AD3d 1277, 1278 [4th Dept 2005] [admissions attributed to insured in plaintiff's investigator's affidavit constituted admissible evidence sufficient to defeat defendants' motion for summary judgment]).

Moreover, based on Brown's default in appearing in this action, Brown has admitted the allegations in the complaint that he did not reside in the premises when the incident occurred (*see Port Parties, Ltd. v Merchandise Mart Props., Inc.*, 102 AD3d 539, 540 [1st Dept 2013]). The conclusory affirmation of the underlying plaintiff's (defendant Nicole Caruth) counsel, which did nothing more than attack the veracity of Tower's investigator's affidavit, and contained no evidence that at the time of Caruth's fall, Brown actually resided at the insured location where Caruth was a tenant in one of the three units, was insufficient to raise issues of material fact or to warrant further discovery (*see Worldcom, Inc. v Dialing Loving Care*, 269 AD2d 159 [1st Dept 2000]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.