■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v MOHAMMED J. HOSSAIN, Defendant, and RUTHER SINGLETARY, Respondent. [24 NYS3d 10]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 22, 2014, which denied as premature plaintiff's motion for a default judgment against defendant Hossain and for summary judgment declaring that it has no duty to defend or indemnify Hossain in the underlying personal injury action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment declaring that plaintiff has no duty to defend or indemnify Hossain in the underlying personal injury action.

The motion court correctly found that plaintiff established prima facie that it had no obligation to defend or indemnify defendant Hossain in the underlying personal injury action by showing, pursuant to an exclusion in his homeowners policy, that Hossain did not reside at the premises when the accident happened. As the court recognized, the affidavit by plaintiff's insurance investigator stating that Hossain admitted that he had not resided at the premises since November 2008, nearly a year and a half before the accident occurred, is admissible for the purpose of showing his non-residence when the accident occurred, and, by defaulting in this action, Hossain is deemed to have admitted the allegation in the complaint that he did not reside at the premises at the relevant time. The court erred in finding that defendant Singletary, a tenant in the premises and the plaintiff in the underlying action, established that discovery might lead to evidence that would defeat plaintiff's motion (*see Atomergic Chemetals Corp. v Hartford Acc. & Indem. Co.*, 193 AD2d 551 [1st Dept 1993]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.

■ TOWER INSURANCE COMPANY OF NEW YORK, Respondent, v J&J GROCERY & DELI CORP. et al., Defendants, and YUYING QIU, Appellant. [21 NYS3d 874]—An appeal having been taken to this Court by the above-named appellant from an order of the Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about January 12, 2015, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto entered December 1, 2015, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.