■ Tower Insurance Company of New York, Appellant, v Avner Zaroom et al., Respondents. [44 NYS3d 32]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 3, 2016, which denied as premature plaintiff's motion for summary judgment declaring that it has no duty to defend or indemnify defendants Avner Zaroom and Gila Zaroom in the underlying personal injury action brought against them by defendant Yaakov Wise, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment declaring that plaintiff has no duty to defend or indemnify the Zaroom defendants in the underlying personal injury action.

Plaintiff established its entitlement to judgment as a matter of law by submitting the affidavit of its investigator stating that she met with Mrs. Zaroom, who admitted that she and her husband did not reside at the insured premises as of the date of Wise's accident (*see Tower Ins. Co. of N.Y. v Hossain*, 134 AD3d 644 [1st Dept 2015]; *Tower Ins. Co. of N.Y. v Brown*, 130 AD3d 545, 545-546 [1st Dept 2015]).

In opposition to plaintiff's motion, the Zarooms admitted that they did not so reside. The Zarooms' attorney claimed that plaintiff was aware that they did not reside at the insured premises but nevertheless continued to accept premiums. However, the affirmation of an attorney who has no personal knowledge lacks evidentiary value (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

Defendant Wise contends that the word "reside" is ambiguous. Although the argument was not raised below, purely legal issues, such as the interpretation of a contract, may be raised for the first time on appeal (*see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405, 408-409 [1st Dept 2009]; *Branham v Loews Orpheum Cinemas, Inc.*, 31 AD3d 319, 323 n 2 [1st Dept 2006], *affd* 8 NY3d 931 [2007]). On the merits, under the circumstances of this action, as opposed to the circumstances in *Dean v Tower Ins. Co. of N.Y.* (19 NY3d 704 [2012]), "reside" is not ambiguous. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.