Tower Ins. Co. of N.Y. v Ginin (2021 NY Slip Op 00046)





Tower Ins. Co. of N.Y. v Ginin


2021 NY Slip Op 00046


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 650614/16 Appeal No. 12767 Case No. 2019-5622 

[*1]Tower Insurance Company of New York, Plaintiff-Respondent,
v
Walter Ginin et al., Defendants, Jose Luis Crespo, Defendant-Appellant.


Omrani & Taub, P.C., New York (Michael A. Taub of counsel), for appellant.
Law Offices of Natasha Z. Millman, New York (Natasha Z. Millman of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered July 1, 2019, which granted the motion of plaintiff Tower Insurance Company (Tower) for summary judgment declaring that Tower has no duty to defend or indemnify defendants Walter Ginin or Nelly Campoverde against the claims by defendant Jose Luis Crespo in an underlying personal injury action, and dismissing Crespo's counterclaim against Tower, unanimously affirmed, without costs.
Tower made a prima facie showing that it is entitled to judgment as a matter of law based on the affidavit of its claims adjuster stating that he spoke with Ginin, who admitted, in a signed written statement, that he did not reside at the premises when the incident occurred, as required by the policy (see Tower Ins. Co. of N.Y. v Zaroom, 145 AD3d 556 [1st Dept 2016]; Tower Ins. Co. of N.Y. v Brown, 130 AD3d 545 [1st Dept 2015]). Moreover, Ginin has admitted the allegations in the complaint that he did not reside in the premises when the incident occurred in light of his default in appearing in this action (see Port Parties, Ltd. v Merchandise Mart Props., Inc., 102 AD3d 539, 540 [1st Dept 2013]). Based on its unambiguous terms (see generally Slattery Skanska Ltd. v American Home Assur. Co., 67 AD3d 1, 14 [1st Dept 2009]), the Tower policy did not provide coverage for Ginin's spouse (Campoverde) who only qualified as an insured if the named insured was a member of the same household. The conclusory affirmation of defendant Crespo's counsel contained no evidence that at the time of Crespo's alleged incident, Ginin actually resided at the insured location where Crespo was a tenant in one of the two units, and was insufficient to raise issues of material fact or to warrant further discovery (see Tower Ins. Co. of N.Y. v Brown, 130 AD3d at 546).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021