Integon Natl. Ins. Co. v Zhong Shen Lin (2021 NY Slip Op 01720)





Integon Natl. Ins. Co. v Zhong Shen Lin


2021 NY Slip Op 01720


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 156893/18 Appeal No. 13405 Case No. 2020-02788 

[*1]Integon National Insurance Company, Plaintiff-Respondent,
v
Zhong Shen Lin etc., Defendant, Mayra Encarnacion, Defendant-Appellant.


Ami Morgenstern, Attorney-at-Law, PLLC, Long Island City (Marc Andrew Williams of counsel), for appellant.
Law Offices of Natasha Z. Millman, New York (Natasha Z. Millman of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 18, 2020, which, inter alia, denied defendant Mayra Encarnacion's cross motion for summary judgment and granted plaintiff's motion for summary judgment declaring that it has no duty to defend or indemnify Zhong Shen Lin, as administrator and/or executor of the estate of Qi Shen Zou (a/k/a Qi Sheng Zou) in the underlying personal injury action, unanimously affirmed, without costs.
The plain language of the policy (see Westchester Fire Ins. Co. v Schorsch, 186 AD3d 132, 140 [1st Dept 2020]) and the affidavit submitted by the decedent named applicant/named insured's daughter-in-law (see Tower Ins. Co. of N.Y. v Zaroom, 145 AD3d 556, 557 [1st Dept 2016]; Tower Ins. Co. of N.Y. v Hossain, 134 AD3d 644, 644 [1st Dept 2015]) established prima facie entitlement to summary judgment because the decedent was not alive when the policy was issued, and further discovery was not warranted.
Since, in reliance on the application, the policy was issued to a deceased person, who did not meet the definition of an insured or that the subject premises constituted a "residence premises" or an "insured location," coverage was void from the outset and the disclaimer was not necessary (see City of New York v Granite State Ins. Co., 136 AD3d 523, 524 [1st Dept 2016], lv dismissed 28 NY3d 955 [2016], lv denied 29 NY3d 915 [2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021