Mountain Val. Indem. Co. v Hylton (2021 NY Slip Op 06768)





Mountain Val. Indem. Co. v Hylton


2021 NY Slip Op 06768


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 154321/19 Appeal No. 14750 Case No. 2021-02122 

[*1]Mountain Valley Indemnity Company, Plaintiff-Respondent,
v
Petronia Hylton, Defendant-Appellant, Jamel Lewis, Defendant.


Bruce S. Reznick, P.C., Brooklyn (Thomas A. Torto of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Tania A. Gondiosa of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about December 1, 2020, which granted plaintiff's motion for summary judgment declaring that it has no obligation to defend or indemnify defendant Petronia Hylton in the underlying personal injury action, and so declared, unanimously affirmed, without costs.
Plaintiff established that it properly disclaimed coverage for the underlying action by submitting evidence that, on the date of the loss, defendant did not live at the premises that were to be covered under the policy. Although she gave a sworn statement to the claims adjuster that she did live at the premises, defendant testified under oath at the deposition in the underlying action that she lived elsewhere at the time of the accident, and her deposition testimony was corroborated by her driver's license. As a result, the premises did not qualify as a covered "residence premises" or "insured location" as defined by the policy (see MIC Gen. Ins. Corp. v Campbell, 181 AD3d 428, 428-429 [1st Dept 2020]; see also Tower Ins. Co. of N.Y. v Zaroom, 145 AD3d 556, 557 [1st Dept 2016]). Defendant later asserted in an affidavit that she had committed perjury at the deposition because her attorney told her that lying would help her defense. However, she offered no evidence to support her assertion of residence, and, particularly in light of the address on her driver's license, her affidavit is insufficient to defeat plaintiff's motion (see Tower Ins. Co. of N.Y. v Brown, 130 AD3d 545, 546 [1st Dept 2015]).
We have considered defendant's other contentions, to the extent preserved, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021