Board of Mgrs. of the 100 W. 93 Condominium v 660 Columbus Retail Owner (2024 NY Slip Op 02583)

Board of Mgrs. of the 100 W. 93 Condominium v 660 Columbus Retail Owner

2024 NY Slip Op 02583

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 155851/22 Appeal No. 2244 Case No. 2023-02860 

[*1]Board of Managers of the 100 West 93 Condominium, on Behalf of All of its Unit Owners, Plaintiff-Appellant,
v
660 Columbus Retail Owner et al., Defendants-Respondents.

Warshaw Burstein, LLP, New York (Ally Hack of counsel), for appellant.
Katsky Korins LLP, New York (Robert A. Abrams of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovitz, J.), entered February 23, 2023, which granted defendants' motion to dismiss this action seeking to recover allegedly unpaid assessments imposed on their commercial condominium units by plaintiff condominium board of managers (Board), unanimously affirmed, with costs.
Supreme Court properly dismissed this action based upon documentary evidence submitted with defendants' motion, specifically, the declaration with amendments and the by-laws, which include repairs, restorations, capital improvements, and other alterations to the common elements as common expenses to be funded by common charges assessed by the Board (CPLR 3211[a][1]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004], quoting W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see also Leon v Martinez, 84 NY2d 83, 88 [1994]). Section 1(w) of the declaration includes restorations, replacement, and rebuilding in the term "repairs," and section 15(b) and (c) requires that any repairs or "capital improvements" to the common elements or exterior walls, including the roof refurbishment and faÇade restoration at issue here, be funded by the unit owners as a common expense. The same is true, under article V § 13 of the by-laws, for any additions, alterations, or improvements to the common elements, for which plaintiff "shall assess" the costs to all unit owners as a common expense.
Common expenses, under declaration § 1(f), include "actual and estimated items of the operating expenses of the Common Elements assessed in accordance with the By-Laws . . . and any reasonable reserve for such purposes."; Article V § 1(C) of the by-laws, in turn, includes "all costs and expenses in connection with the repair, maintenance, replacement, restoration and operation of and any alteration, addition or improvement to Common Elements" as common expenses, as well as any "amounts as the Board may deem proper for a general operating reserve or for a reserve for working capital or for replacements with respect to the Common Elements" — all of which is to be funded by the unit owners. The same section of the by-laws defines "Common Charges" as those charges which plaintiff, upon preparing a budget "from time to time and at least annually . . . shall allocate and assess to the Unit Owners . . . to meet [the] Common Expenses," and it also requires all common charges to be allocated according to "the Declaration and Exhibit D annexed thereto."
These provisions utterly refute the Board's contention that it need not follow the calculation method set forth in § 20 of the declaration when imposing an assessment to fund capital projects of the common elements. That provision, by reference to Exhibit D to the declaration, allocates 2.40% of the common charges attributable to repairs and maintenance to defendants' commercial units, and then apportions the resulting amount to those units "in proportion to their relative Common Interests[*2]." Other provisions, such as the one authorizing the instant action to collect unpaid monies due, which reference common charges or assessments separately, do not purport to alter the calculation and apportionment of any such assessments (cf. Baxter St. Condominium v LPS Baxter Holding Co., LLC, 205 AD3d 640, 642 [1st Dept 2022]).
Finally, we agree with Supreme Court that defendants' reply "address[ed] arguments made in opposition" to their motion, specifically, the Board's assertion that the by-laws and notes to financial documents submitted with offering plan amendments showed that assessments are distinct from common charges and not subject to the calculation method just described (EPF Intl. Ltd. v Lacey Fashions Inc., 170 AD3d 575, 575 [1st Dept 2019]). Here, defendants "did not improperly raise new arguments or theories on which to base [their] motion," but instead identified provisions in the documents already submitted with their moving papers to disprove the Board's interpretation of those very documents (id.). Moreover, even if these constituted new arguments in reply, this Court may nonetheless consider them, since "purely legal issues, such as the interpretation of a contract, may be raised for the first time on appeal" (Tower Ins. Co. of N.Y. v Zaroom, 145 AD3d 556, 557 [1st Dept 2016]).
We have considered the Board's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024