■ Castlepoint Insurance Company, Appellant, v Sewnarine Jaipersaud et al., Respondents. [4 NYS3d 498]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 19, 2013, which denied plaintiff's motion for summary judgment seeking a declaration that it has no duty to defend or indemnify under defendant insureds' policy, unanimously reversed, on the law, without costs, the motion granted, and it is declared that plaintiff is under no duty to defend or indemnify the defendant insureds in the personal injury action brought against them by defendant Fernando. The Clerk is directed to enter judgment accordingly.

Plaintiff demonstrated prima facie through the insured's admission in a statement to plaintiff's investigator and the investigator's conclusion upon inspection of the premises regarding its structural configuration that his home was a three-family dwelling, rather than a two-family dwelling as covered by the subject policy and as represented in the application for insurance (see Schaaf v Pork Chop, Inc., 24 AD3d 1277, 1278 [4th Dept 2005]; Dauria v CastlePoint Ins. Co., 104 AD3d 406, 407 [1st Dept 2013]). The insureds failed to explain why the premises had separate entrances, and their explanation that the premises were always a two-family dwelling was conclusory, and failed to raise an issue of fact. Contrary to the insureds' contention, taking judicial notice of the certificate of occupancy would be unavailing, because the number of families is determined by actual use, even if in violation of the certificate of occupancy (see Hermitage Ins. Co. v LaFleur, 100 AD3d 426, 427 [1st Dept 2012]). Thus, we are constrained to find

401

that plaintiff is under no duty to defend or indemnify defendant insureds, in the personal injury action brought against them by defendant Fernando, notwithstanding the inherent inequity of Castlepoint's acceptance and retention of premiums paid by defendants Jaipersauds on the premises.

Although it is unnecessary to determine whether the misrepresentation on the insurance application vitiated the policy, we note that the underwriting guidelines and the underwriter affidavit that the policy would not have been written had plaintiff known the true status of the premises sufficed for this purpose (*see id.*). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.