MIC Gen. Ins. Corp. v Okapa (2021 NY Slip Op 00804)





MIC Gen. Ins. Corp. v Okapa


2021 NY Slip Op 00804


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 156848/18 Appeal No. 13081 Case No. 2020-01478 

[*1]MIC General Insurance Corporation, Plaintiff-Respondent,
v
Agnieszka Okapa et al., Defendants-Appellants, Sylwia Winn, Defendant.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellants.
Law Offices of Natasha Z. Millman, New York (Natasha Z. Millman of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered January 16, 2020, which granted plaintiff insurer's (MIC) motion for summary judgment declaring that it has no obligation to defend and indemnify defendants Agnieszka Okapa and Mariusz Okapa in an underlying personal injury action, unanimously reversed, on the law, without costs, the motion denied, and the declaration vacated.
MIC made a prima facie showing that it was entitled to summary judgment declaring that there is no coverage under the homeowners liability policy issued to the Okapa defendants based on the affidavit of an investigator stating that defendant Agnieszka Okapa admitted that she and her husband no longer resided at the insured property on the date of the accident, as required by the policy, since they previously moved out. Defendants also showed that the premises were identified as a single family dwelling and were leased to an unrelated family on the operative date (see Tower Ins. Co. of N.Y. v Brown, 130 AD3d 545, 545-546 [1st Dept 2015]).
In opposition, defendants submitted an affidavit of Mariusz Okapa, in which he stated that he moved back into the insured property for a period of time that included the date of the accident, due to marital difficulties, which was sufficient to raise a triable issue of fact as to whether he resided there at the time of the accident. The affidavit presents issues of fact and credibility that are not ordinarily determined on a motion for summary judgment, and the facts stated in Mariusz Okapa's affidavit are not clearly contradicted by his previous deposition testimony (see Katz v 260 Park Ave. S. Condominium Assoc., 168 AD3d 615, 616 [1st Dept 2019]; compare Fernandez v VLA Realty, LLC, 45 AD3d 391, 391 [1st Dept 2007]). Furthermore, contrary to plaintiff's contention, the record developed on this motion does not establish that defendant Mariusz Okapa only intended to stay at the property temporarily when he moved back in (compare New York Cent. Mut. Fire Ins. Co. v Kowalski, 222 AD2d 859, 860-861 [3d Dept 1995]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021