| |
|---|
| **MIC Gen. Ins. Corp. v Cunningham** |
| 2024 NY Slip Op 33880(U) |
| July 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652965/2022 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. GERALD LEBOVITS**     PART     07

*Justice*

-------------------------------------------------------------------------------X

MIC GENERAL INSURANCE CORPORATION,

                     Plaintiff,

              - v -

ISOLINE CUNNINGHAM and ROBERT ADAMS,

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652965/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion for            SUMMARY JUDGMENT      .

*Hagelin Spencer, LLC*, Jersey City, NJ (Michael J. Mernin of counsel), for plaintiff.
*Law Office of Michael H. Joseph, P.L.L.C.*, White Plains, NY (John V. Tait of counsel), for defendants.

Gerald Lebovits, J.:

In this insurance-coverage action, plaintiff MIC General Insurance Corporation moves for an order pursuant to CPLR 3211 and 3212 granting it summary judgment against defendants Isoline Cunningham and Robert Adams declaring that it has no duty to defend or indemnify defendant Cunningham or to provide medical payments coverage to defendant Adams in an underlying personal-injury action. Plaintiff also moves, pursuant to CPLR 3215, for an order granting it default judgment against Cunningham for failing to answer the summons and complaint. Adams opposed the relief for summary judgment and plaintiff submitted a reply. For the reasons set forth below, plaintiff's motion is granted in its entirety.

## BACKGROUND

### A. The Underlying Action

The instant matter arises from an underlying personal injury action commenced on May 26, 2022, captioned *Robert Adams v Isoline Cunningham,* Sup Ct, Bronx County, Index No. 808082/2022E (NY St Cts Elec Filing [NYSCEF] Doc No. 6, Complaint, ¶ 12). Adams alleged that on April 19, 2022, while lawfully inside his apartment located at 963 East 232nd St, Bronx, New York he was struck by pieces of a falling ceiling and sustained serious personal injuries as a result of Cunningham's negligence (*id.* ¶ 13).

[* 1]

### B. Plaintiff's Insurance Policy

By an insurance policy effective between June 12, 2021, and June 12, 2022, plaintiff issued a Dwelling Package Policy to Cunningham, with her named as the insured, and the residence premises identified as 963 E E232nd St, Bronx, New York. The policy covers damages related to bodily injury caused by an occurrence, which the policy defines as an accident. Coverage is excluded when the injury arises out of a premises, owned by, rented to, or rented to others by an "insurer that is not an insured location." The following definitions apply:

>   1) an "insured" is the "name insured" as shown in the Declarations;
>
>   2) an "insured location" is the "residence premises"; and
>
>   3) the "residence premises" is: (a) the one-family dwelling, other structures, and grounds; or (b) that part of any other building where the named insured resides and which is shown as the residence [premises in the Declarations, or the two-, three-, or four-family dwelling where the named insured resides in at least one of the family units and which is shown as the residence premises in the Declarations (*see* NYSCEF Doc No. 8, The Policy).

The policy excludes bodily injury arising out of the rental or holding for rental of any part of any premises by an insured (*id.*).

### C. The Investigation

Plaintiff's claims specialist, Jaime Moody, states by affidavit that plaintiff received notice of the incident on April 19, 2022, when Adams reported water damage to the ceiling of the premises (NYSCEF Doc No. 17 ¶ 11) ("Moody Affidavit"). It retained an investigative firm to investigate the incident (*id.*). Mike Beatty ("Beatty"), the investigator, attests that on July 21, 2022, he met with Cunningham at her residence located at 918 Cranford Ave, Bronx, New York (NYSCEF Doc No. 16 ¶ 3) ("Beatty Affidavit"). She consented to give a recorded interview and statement (*id.*).

According to Beatty, Cunningham told him that she did not reside at the premises under the policy and never resided there and owned the premises on the date of the incident (*id.* ¶ 4). The investigator stated that he reviewed the transcript of the recorded statement and confirms that it accurately reflects what was said by Cunningham (*id.* ¶ 5). After reviewing the investigators report, on August 13, 2022, plaintiff disclaimed coverage as the investigation reflected that Cunningham did not reside at the accident location, and that the premises was not the "residence premises" and did not qualify as an "insured location" (NYSCEF Doc No. 17 ¶ 13). Additionally, the policy's exclusion of coverage for bodily injury claims arising out of the rental of a premises was cited (*id.*)

2

### D. This Action

On August 17, 2022, plaintiff commenced this declaratory judgment action against defendants. The first cause of action alleges that there is no coverage under the policy as the premises was not a residence premises at any time as defined in the policy and does not qualify as an insured location (NYSCEF Doc No. 6. ¶¶ 14-18). The second cause of action alleges that there is no coverage for personal liability or medical payments because of business pursuits of the insured and holding for rental of the premises (*id*. ¶¶ 19-23). The third cause of action alleges there is no coverage as Cunningham did not reside at the premises at the time of the accident and the premises was not an insured location under the policy (*id*. ¶¶ 24-28).

**DISCUSSION**

### A. Parties' Contentions

Plaintiff contends that the policy does not provide coverage for the personal liability of an insured for bodily injury arising out of a premises that is not an insured location (*id.* at 9). The policy does not provide medical payments to others coverage for bodily injury arising out of a premises that is not an insured location (*id.*). The policy excludes coverage for claims arising out of the rental of any premises by an insured that is not an insured location (*id.*). The policy defines insured location as the "residence premises" and defines residence premises as a "two, three or four family dwelling where you reside in at least one of the family units and which is shown as the residence premises in the Declarations" (*id.*). Plaintiff argues that the premises did not meet the description of a residence premises on the date of loss as Cunningham did not reside there at that time nor did the insured ever live at the premises (*id.*)

In opposition, Adams argues that plaintiff's motion must be denied because it failed to offer any evidence in admissible form (Affirmation in Opposition of John V. Tait, Esq. (opp aff), ¶ 5). Adams contends that the statements were not given under oath and were not reviewed and signed by the individual plaintiff claims made the statement (*id.* ¶ 6). The report with the transcribed statements constitutes double hearsay as the submitted statements are of two people (the investigator and the transcriber) merely recounting statements made by Cunningham (*id.* ¶ 7). The transcripts are not admissible because Cunningham was not properly sworn or reviewed the statements submitted with the motion (*id.*). Similarly, Adams or counsel were not provided with the documents submitted or the alleged recording upon which it is based (*id.* ¶ 8). Lastly, Adams argues that the report with the transcript shows that it was prepared by Elizabeth Hill, however, the Rupert affidavit[1] states that Ruppert created the transcript (*id.* ¶ 11).

In reply, plaintiff contends that Cunningham gave a recorded statement in which she stated that she lived at 918 Cranford Ave, Bronx, New York 10466 on the date of the incident and that she never resided at the premises (NYSCEF Doc No. 21, Reply Affirmation of Michael J. Mernin, Esq. [reply aff], ¶ 5). The recorded statement of Cunningham accurately depicts what she stated to Beatty, and its accuracy is established by the affidavits of Beatty, Ruppert and

---

[1] In her affidavit, Emma Ruppert attests that she accurately transcribed the interview and statement of Beatty and Cunningham (NYSCEF Doc No. 18, ¶ 3).

3

Moody (*id.* ¶ 6). It further argues that since Cunningham has defaulted in answering the complaint, she had admitted the allegation that she did not reside at the premises (*id.* ¶ 7). Lastly, the Ruppert affidavit establishes that she accurately transcribed her recording of the interview with Cunningham, and the Beatty affidavit establishes that he interviewed her in person and recorded with her consent (*id.*).

### B. Default Judgment

When a defendant fails to appear or answer, plaintiff may seek a default judgment from the party (CPLR 3215 [a]). To obtain a default judgment pursuant to CPLR 3215, a movant must provide "proof of service of the summons and complaint and proof of the facts constituting the claim, the default and the amount due" (*Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023] [internal quotation marks and citations omitted]. "To demonstrate facts constituting the claims, the movant need only proffer proof sufficient to enable a court to determine that a viable cause of action exists" (*id.* at 481). "The movant may do so either by submission of an affidavit of merit or by verified complaint, if one has been properly served" (*id.*).

Here, the properly executed affidavit of service constitutes prima facie evidence of proper service on Cunningham (*see General Ins. v Leandre*, 224 AD3d 427, 428 [1st Dept 2024]). The affidavit of service states that the process server made four separate attempts at serving the individual defendant at various dates and times before resorting to nail and mail service (*see id.*). Plaintiff submits an affidavit in support of its motion for entry of default judgment from its claims specialist and investigator sufficiently setting forth the basis for plaintiff's claims. Accordingly, the prong of the motion seeking default judgment against Cunningham is granted.

### C. Summary Judgment

"'[T]he proponent of a summary judgment motion must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[F]ailure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Ayotte*, 81 NY2d at 1063 [internal quotation marks and citation omitted]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of act which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman*, 49 NY2d at 562).

"Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *see also American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472, 473 [1st Dept 1994]). On a summary judgment motion, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

4

"[An insurer's] duty to defend is triggered by the allegations contained in the underlying complaint" (*Wesco Ins. Co. v Nunez Dental Servs., P.C.*, 225 AD3d 410, 410 [1st Dept 2024], *citing BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Tortoso v MetLife Auto & Home Ins. Co.*, 21 AD3d 276, 278 [1st Dept 2005], *quoting Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]).

Even if the complaint triggers a duty to defend, the duty is "not an interminable one, and will end if and when it is shown unequivocally that the damages alleged would not be covered by the policy" (*Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69, 74 [1975]). "[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984] [internal quotation marks and citations omitted]). Policy exclusions are not to be extended by interpretation or implication but should be accorded a strict and narrow construction (*id.*). "[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (*id.* [citations omitted]). "An insurer is entitled to have its contract of insurance enforced in accordance with its provisions and without a construction contrary to its express terms" (*Broad St., LLC v Gulf Ins. Co.*, 37 AD 3d 126, 131 [1st Dept 2006], *quoting Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 49 [1st Dept 1985], *affd* 66 NY2d 1020 [1985] [citations omitted]).

Here, the policy at issue excludes coverage for personal liability of an insured for bodily injury arising out of premises that are not an "insured location" (*see* NYSCEF Doc No. 8). The policy does not provide medical-payments coverage to others for bodily injury arising out of premises that are not an "insured location" (*id.*). The policy excludes coverage claims arising out of the rental of any premises by an insured that are not an "insured location" (*id*The policy defines "insured location," as relevant here, as the "residence premises". As relevant here, "residence premises" is defined as a "two, three or four family dwelling where you reside in at least one of the family units and which is shown in the 'residence premises' in the Declarations" (*id.*).

Plaintiff has made prima facie showing of entitlement to judgment as a matter of law, based upon Cunningham's admissions that she did not reside at the premises on the date of loss. The affidavit of plaintiff's investigator, stating that Cunningham admitted that she did not reside at the premises on the date of loss is admissible for the purpose of showing non-residence when the accident occurred (*see MIC Gen. Ins. Corp. v Okapa*, 191 AD3d 479, 479 [1st Dept 2021] ["[Insurer] made a prima facie showing that it was entitled to summary judgment declaring that there is no coverage under the homeowners liability policy issued to the [insured] based on the affidavit of investigator stating that [the insured] admitted that she and her husband no longer resided at the insured property on the date of the accident, as required by the policy, since they previously moved out"]; *see also MIC Gen. Ins. Corp. v Campbell*, 181 AD3d 428, 428-429 [1st Dept 2020] ["[Insurer] demonstrated, via [insured's] admission in a statement to its investigator and the investigator's inspection of the insured premises, that [insured] did not reside at the premises and was therefore not covered by the policy"] [citations omitted]).

5

In opposition, Adams failed to raise a triable issue of fact. While generally, unsworn statements should not be considered in a motion for summary judgment, the statement by Cunningham is annexed to a sworn affidavit of plaintiff's investigator (*see Castlepoint Ins. Co. v Jaipersaud*, 127 AD 3d 401, 401 [1st Dept 2015] [insurer demonstrated through the insured's admission in a statement to insured's investigator that the home was a three-family dwelling and not covered by the policy]). "[A]dmissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever, or to whomsoever made (*People v Chico*, 90 NY2d 585, 589 [1997] [citations omitted]). Moreover, by defaulting in appearing in this action, Cunningham is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003] [citations omitted]).

Accordingly, it is

ORDERED that plaintiff's motion for default judgment pursuant to CPLR 3215 against defendant Isoline Cunningham is granted without opposition; and it is further

ORDERED that plaintiff's motion for summary judgment pursuant to CPLR 3212 for an order declaring that it has no duty to defend or indemnify defendant Isoline Cunningham in the underlying action is granted; it is further

ADJUDGED and DECLARED that plaintiff is not obliged to provide a defense to, and provide coverage for defendant Isoline Cunningham, or to provide medical-payments coverage to defendant Robert Adams in the action *Robert Adams v Isoline Cunningham*, Index No. 808082/2022E, pending in Supreme Court, Bronx County, and it is further

ORDERED that plaintiff serve a copy of this order with notice of its entry on defendants by e-filing on NYSCEF and by certified mail, return receipt requested, directed to their respective last-known addresses; and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/ courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.

**7/29/2024**
**DATE**

HON. GERALD LEBOVITS
J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

6