Gottlieb v Mountain Val. Indem. Co.

2026 NY Slip Op 02600

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Nathan Gottlieb et al., Respondents,

v

Mountain Valley Indemnity Company, Appellant.

Decided and Entered: April 28, 2026

Index No. 651393/22|Appeal No. 6478|Case No. 2025-00383|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Mound Cotton Wollan & Greengrass LLP, New York (Rachel M. Horzempa Winship of counsel), for appellant.

Wilkofsky, Friedman, Karel & Cummins, New York (Roman Rabinovich of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about December 16, 2024, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Determining the number of units within a property requires consideration of its "structural configuration," which takes into account each respective portion or area of the property having "its own kitchen, bathroom and separate entrance" (Dauria v CastlePoint Ins. Co., 104 AD3d 406, 407 [1st Dept 2013]). Further, whether a dwelling is two-family, as contended by plaintiff insureds, who lived in one unit while their son and his family lived in the other, or three-family, as defendant fire insurer claims based on the configuration of the property's basement, "is determined by actual use" (Castlepoint Ins. Co. v Jaipersaud, 127 AD3d 401, 401 [1st Dept 2015]).

Summary judgment is not appropriate here because "unifying features" exist which could suggest that the basement was merely a space used by plaintiffs and their son's family, rather than a separate unit unto itself (Mandelos v Karavasidis, 86 NY2d 767, 769 [1995]). Defendant failed to satisfy its burden of establishing that it was entitled to disclaim coverage for fire damage based on its belief that the building was for three families instead of two, the number described in the fire policy. Defendant submitted testimony indicating that the basement had the same entrance as the other two units. Further, deposition testimony and photographs taken by defendant's own investigator suggest that stairs led directly from the basement to one of the units, raising a question whether the basement was completely separate from the rest of the property (see Jaipersaud, 127 AD3d at 401). Moreover, an affidavit submitted by defendant's field investigator failed to explain how he arrived at the conclusion that the basement was "an illegal apartment," nor did he state his qualifications for determining the legality of any part of the property's configuration (see Residential Credit Solutions, Inc. v Gould, 171 AD3d 638, 638-639 [1st Dept 2019]).

In any event, plaintiffs identified issues of fact in opposition. They submitted evidence that the basement was not a separate apartment but rather a space to accommodate extended family members and other visitors. Additionally, they explained that having a kitchen in the basement was consistent with the common practice of people in plaintiffs' Orthodox Jewish community, especially to facilitate the strict dietary laws observed during Passover.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026